OPINION
The state of Ohio appeals the decision of the Fayette County Court of Common Pleas ordering that Marcos Baker be released from prison and placed on judicial release. We sua sponte remove this appeal from the accelerated calendar.
Baker was convicted of three separate offenses in 1997. On July 8, 1997, Baker was sentenced in Case No. 960179 to a two year prison term for felonious assault. On November 6, 1997, Baker was sentenced in Case No. 970052 to a six month prison term for trafficking in cocaine, to be served concurrent with the sentence for felonious assault. On February 19, 1998, Baker was sentenced in Case No. 970073 to a twelve month prison term for trafficking in cocaine, to be served consecutive to the sentences he was then serving.
Baker filed a motion for judicial release referencing all three case numbers and imposed prison terms. A hearing on the motion was held, and the trial court granted Baker judicial release, with numerous conditions. On January 25, 1999, only four months later, Baker's judicial release was revoked and his original prison sentence was reimposed for numerous violations of the judicial release conditions.
On November 10, 1999, Baker moved for judicial release in Case No. 970073. Baker had completed the sentences in the other two cases. The trial court held a hearing on the motion and granted the motion, ordering that Baker again be placed on judicial release, with numerous conditions. The State appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONSIDER OR GRANT APPELLEE'S MOTION FOR REINSTATEMENT OF JUDICIAL RELEASE AND THEREFORE, ABUSED ITS DISCRETION.
Assignment of Error No. 2:
 THE TRIAL COURT'S DECISION GRANTING THE APPELLEE'S REINSTATEMENT OF JUDICIAL RELEASE WAS CONTRARY TO THE STATUTORY REQUIREMENTS OF R.C. § 2929.20(H) AND THEREFORE, ABUSED ITS DISCRETION. [SIC.]
 In its assignments of error, the State contends that a trial court can grant judicial release only once, and that Baker's second motion was not timely filed. The State also asserts that, even if the trial court had the power to grant the motion, it failed to provide sufficient findings to support its decision.
Judicial release is governed by R.C. 2929.20. Regarding when a trial court may grant a motion for judicial release, R.C.2929.20(C) provides, in part:
 Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion in any case without a hearing. If a court denies without a hearing a motion filed by an eligible offender or on its own motion that relates to an eligible offender, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion for judicial release filed by that eligible offender. If a court denies after a hearing a motion filed by an eligible offender or its own motion that relates to an eligible offender, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender. (Emphasis added.)
 Reading this provision as a whole, it is clear that a trial court may grant judicial release only after holding a hearing for judicial release. The trial court is allowed to hold only one such hearing for any given eligible offender while that offender is serving a sentence.
The import of the above highlighted sentences is that if judicial release is granted to an offender after a hearing and if the offender then violates the conditions of the judicial release and is redelivered to prison, the offender may not be granted judicial release a second time from the same sentence.[1] For that to occur, a second hearing for judicial release would have to be held, and R.C. 2929.20(C) expressly forbids a second hearing. R.C. 2929.20(C) contemplates that judicial release will be granted only once from an offender's sentence. If an offender violates the terms of his judicial release and is returned to prison, any subsequent motion for judicial release must be dismissed or denied.
Baker was granted judicial release after a hearing, but he violated the terms of his judicial release and was redelivered to prison when his sentence was reimposed. He could not again be granted judicial release from his sentence. The trial court should have denied Baker's second motion for judicial release. The first assignment of error is sustained.
In light of our disposition of the first assignment of error, the second assignment of error is moot.
Judgment reversed.
 ____________________ POWELL, P.J.,
VALEN, J., concur.
[1] R.C. 2929.20 is clear that "sentence" is to be defined as all prison terms that the offender is serving together, whether the prison terms are being served concurrently or consecutively. This is evident in R.C. 2929.20(A), which defines "eligible offender" to include any offender sentenced to "a stated prison term of ten years or less, and who is not serving a mandatory prison term," R.C. 2929.20(A)(1), "a mandatory prison term and another prison term of ten years or less, and who has served the mandatory prison term," R.C. 2929.20(A)(2), or "a mandatory prison term pursuant to division (D)(1) of section 2929.14 of the Revised Code and another prison term of ten years or less, and who is required by division (E)(2), (3), or (4) of section 2929.14 of the Revised Code to serve the mandatory prison term and the other prison term consecutively, whether or not the person has served the mandatory prison term." R.C. 2929.20(A)(3).